UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL RAY and<br>JUDY RAY,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>YURI DE CASTROVERDE, and<br>FINE-LINE EXPRESS TRANSPORT<br>SERVICES CORP<br>　　　　Defendants | )<br>)<br>)<br>)<br>)　Case No.: 2:21-cv-249<br>)　JURY DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

Plaintiffs, Michael Ray ("Mike") and Judy Ray ("Judy") (together "Plaintiffs"), by counsel, for their Complaint for Damages against Yuri De Castroverde ("De Castroverde") and Fine-Line Express Transport Services Corp ("Fine-Line"), Defendants, allege and state as follows:

**I.　BASIS FOR FEDERAL JURISDICTION AND VENUE**

1.　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Plaintiffs allege the citizenship of all parties in paragraphs 3 through 5 below and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2.　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the incident that is the subject of this action took place in Vincennes, Knox County, Indiana.

**II.　THE PARTIES**

3.　Plaintiffs are both citizens of the State of Illinois and reside in Bridgeport, Illinois.

4.　Defendant, Castroverde, is a citizen and resident of the State of Florida.

5. Defendant, Fine-Line, is a Florida corporation with its principal place of business at 87 S. Solandra Dr., Orlando, Florida, 32807.

### III.  FACTUAL ALLEGATIONS

6. Plaintiffs hereby incorporate by reference rhetorical paragraphs one (1) through five (5) as if fully set forth herein.

7. On March 16, 2021, at approximately 6:54 p.m., Plaintiffs were traveling westbound in their Ford 150 pickup truck on the US Hwy 50 bridge over the Wabash River in Vincennes, Indiana.

8. At or around the same time and place, Defendant, De Castroverde, crashed his Freightliner powered tractor-trailer into the rear of Plaintiffs' vehicle multiple times causing Plaintiffs' vehicle to bounce from one side of the bridge to the other and back, resulting in incapacitating injuries and trauma to Mike and significant injuries and trauma to Judy.

9. Defendant, Fine-Line, is named as a Defendant because Fine-Line owned the Freightliner tractor trailer and Defendant, De Castroverde, told the investigating officer the brakes on his vehicle failed.

10. Defendant, Fine-Line is also named as a Defendant because, upon information and belief, Fine-Line was the employer of Defendant De Castroverde when he crashed into Plaintiffs' pickup truck.

### III.  DE CASTROVERDE'S NEGLIGENCE

11. Plaintiffs incorporate by reference rhetorical paragraphs one (1) through ten (10) as if fully set forth herein.

12. Defendant, De Castroverde, owed Plaintiffs a duty to exercise reasonable care.

13. Defendant, De Castroverde, breached his duty to Plaintiffs in one or more of the following ways:

    a. He failed to keep watch for Plaintiffs vehicle;

    b. He failed to cause his Freightliner tractor-trailer to stop or slow down in time to avoid crashing it into Plaintiffs pick-up truck;

    c. He failed to operate his Freightliner tractor-trailer in a reasonably safe and controlled manner.

### V. FINE-LINE TRANSPORT SERVICES CORP'S NEGLIGENCE

14. Plaintiffs incorporate by reference rhetorical paragraphs one (1) through thirteen (13) as if fully set forth herein.

15. Fine-Line, as owner of the Freightliner tractor-trailer which De Castroverde crashed into Plaintiffs' pick-up, owed Plaintiffs a duty to exercise reasonable care in maintaining the Freightliner driven by De Castroverde.

16. Defendant, Fine-Line, breached its duty to Plaintiffs by failing to maintain the Freightliner tractor-trailer in a reasonably safe condition.

17. Defendant Fine-Line is also liable for the negligence of Defendant, De Castroverde, under the legal theory of respondeat superior.

### VI. PLAINTIFFS' INJURIES AND DAMAGES

18. Plaintiffs incorporate by reference rhetorical paragraphs one (1) through seventeen (17) as if fully set forth herein.

19. As a direct and proximate result of Defendants' negligence, Mike and Judy were both injured.

20. Mike was seriously injured and has suffered substantial and permanent injuries, distress, non-economic and economic losses, including, but not limited to, significant and

permanent injuries, the total loss of Plaintiffs' truck, the cost of his medical treatment and the loss of his consortium with Judy by reason of the injuries to both of them.

21. Mike has also suffered severe pain, both in the immediate aftermath of the collision and in his treatment and recovery.

22. Mike's physical injuries and pain are expected to continue.

23. Plaintiff, Judy, has also suffered damages because of her injuries, including but not limited to her loss of consortium with Mike by reason of the injuries to both of them.

WHEREFORE, Plaintiffs, Mike Ray and Judy Ray, by counsel, respectfully request the Court to enter judgment against Defendants, Yuri De Castroverde and Fine-Line Express Transport Services Corp., in an amount sufficient to fully and fairly compensate Plaintiffs for their losses and damages, for costs of this action, and for all other just and proper relief.

Respectfully submitted,

COOTS HENKE & WHEELER, P.C.

 /s/  James K. Wheeler
James K. Wheeler, #1200-29
Andrew Dollard, #28949-29
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs, by counsel, respectfully demands that the above-mentioned cause be tried by a jury.

Respectfully submitted,

COOTS HENKE & WHEELER, P.C.

 /s/  James K. Wheeler
James K. Wheeler, #1200-29
Andrew Dollard, #28949-29
Attorney for Plaintiffs

James K. Wheeler
COOTS HENKE & WHEELER, P.C.
255 E. Carmel Dr.
Carmel, IN 46032
(317) 844-4693
jwheeler@chwlaw.com

Andrew Dollard
DOLLARD EVANS WHALIN, LLP
920 Logan St. #200
Noblesville, IN 46060
(317) 770-7070
andrew@dollardevanswhalin.com